**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 18, 2013

LETTER TO COUNSEL:

      RE:    *Ronnie Abbott v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-0862

Dear Counsel:

On April 1, 2011, the Plaintiff, Ronnie Abbott, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 35). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Abbott filed his claim on April 19, 2004, alleging disability beginning on January 2, 2002. (Tr. 15). His claim was denied initially on August 25, 2004, and on reconsideration on January 24, 2005. (Tr. 34-37, 40-41). After a hearing, an Administrative Law Judge ("ALJ") denied benefits, determining that Mr. Abbott was not disabled. (Tr. 13-24). On March 9, 2010, this Court remanded Mr. Abbott's case to the Commissioner. (Tr. 584-90). An additional hearing was held on August 12, 2010 before an ALJ. (Tr. 622-32). Following this hearing, on October 2, 2010, the ALJ again determined that Mr. Abbott was not disabled prior to his date last insured of March 31, 2006. (Tr. 557-74). The Appeals Council denied Mr. Abbott's request for review, (Tr. 591-93), so the ALJ's October 2, 2010 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Abbott suffered from the severe impairments of degenerative joint disease, carpal tunnel syndrome, hearing loss, depression, and post-traumatic stress disorder (PTSD). (Tr. 563). Despite these impairments, the ALJ determined that Mr. Abbott retained the residual functional capacity ("RFC"), through his date last insured, to:

perform medium work as defined in 20 CFR 404.1567(c), with standing/walking six hours in an eight-hour work day, sitting six hours in an eight-hour workday, and lifting 50 pounds occasionally and 25 pounds frequently. In addition, the claimant had to avoid concentrated exposure to noise and was restricted to simple, unskilled work with only occasional contact with coworkers, occasional supervision, work that was essentially isolated, work that was not at a production pace, and low stress work, defined as only occasional changes in the work setting.

*Ronnie Abbott v. Commissioner, Social Security Administration*
Civil No. SAG-11-0862
January 18, 2013
Page 2

(Tr. 565).   After considering the testimony of the vocational expert ("VE") from the initial hearing, the ALJ determined that Mr. Abbott could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 571-73).

Mr. Abbott presents two arguments on appeal: (1) that the ALJ failed to explain why the RFC is less restrictive than the state medical examiners' suggested RFCs; and (2) that the ALJ failed to adequately explain his rejection of the VE's testimony on cross-examination.   Each argument lacks merit.

Mr. Abbott first contends that the ALJ did not adequately incorporate the "moderate" findings made by the state mental health examiners, Dr. Hales and Dr. Greene, in the RFC.   Pl. Mot. 5-6.   However, the relevant portion of the state examiners' opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment.   *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment).   Because Section I does not include sufficient detail to inform the ALJ of the doctor's precise assessment regarding functional abilities, an ALJ need not address each Section I limitation.   *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct.  25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").   Section III of the state examiners' opinions comports with the ALJ's RFC assessment.   Specifically, in Section III, Dr. Hales opined that, "[o]verall, any limitations in the claimant's residual capacity would compromise performance on more detailed, complex work, and job-related tasks in a highly social context."   (Tr. 217).   In Section III of her report, Dr. Greene opined, "[h]owever, clmt [sic] retains the capacity to perform simple tasks, particularly in settings with limited social interactions."   (Tr. 354).   On remand, the ALJ specifically addressed the state examiners' opinions, stating:

> However, considering subsequent mental health treatment records from the VA Medical Center which were not available at the time of the medical consultants' review showing improvement with treatment so that the claimant's major depressive disorder was in complete remission, with an assessed GAF score of 60 or above on most occasions, normal mental status examinations (Exhibit 23F), as well as the claimant's self-reported daily activities, the opinion of the State agency medical consultant set forth in the assessment dated December 29, 2004 finding a moderate restriction in activities of daily living (Exhibit 15F) is no longer based on the complete record.   The undersigned finds that the evidence as a whole supports the conclusion that the claimant had no more than a mild restriction in activities of daily living through the date last insured.

(Tr. 570-71).   That explanation corrects the deficiency in the original ALJ opinion, which did not sufficiently explain the variation between the opinions of Dr. Hales and Dr. Greene, on the one hand, and the RFC, on the other.

*Ronnie Abbott v. Commissioner, Social Security Administration*
Civil No. SAG-11-0862
January 18, 2013
Page 3

Second, Mr. Abbott contends that the ALJ erred in disregarding the VE's testimony on cross-examination in the first hearing, and in failing to ask additional hypotheticals of the VEs at either the first or second hearings.  Pl. Mot. 7-8.  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Here, the ALJ's hypothetical was clearly consistent with the RFC determination.  (Tr. 540).  On cross-examination, Mr. Abbott's counsel asked:

> I would want a noise-free and distraction-free environment.  In addition to that, I want to refine the mental limitations.  I'll stick with the simple and unskilled work, of course, but I want to put in the moderate limitations in Exhibit 11F [Dr. Hales's Opinion].  And I want you to assume that the moderate limitations are one standard deviation below the mean of the average worker . . . Would they be able to perform those hypothetical medium jobs given those additional limitations?

(Tr. 542-43).  On remand, the ALJ explained her rejection of the VE's testimony in response to that hypothetical.  First, the ALJ rejected the premise that Mr. Abbott required a "noise-free and distraction-free environment," citing the medical evidence of record, which supported only a need to avoid concentrated exposure to noise.  (Tr. 572).  Second, counsel's hypothetical incorporated a definition of "moderate limitations" that is not contained in the check-box form filled out by Dr. Hales.  The "moderate limitations" identified by Dr. Hales, as discussed above, were in Section I of that form, which provides no particular definition of "moderate."  As the ALJ noted, in attempting to use the Section I limitations, counsel's hypothetical does not comport with Dr. Hales's narrative, Section III description of Mr. Abbott's RFC.  (Tr. 573).  Finally, the ALJ noted that Mr. Abbott's attorney had the opportunity to question a VE at the remand hearing, but did not establish that the original VE's testimony was unreliable.  *Id.*  The ALJ's reliance on the testimony of the original VE, without considering the response to counsel's deficient hypothetical, was therefore supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 35) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge